2310

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| **RONALD GRAHAM, # 096746,** | ) | |
|     **Petitioner,** | ) | Civil Action No. 7:05cv00265 |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN TRACY RAY, et al.,** | ) | **By: Jackson L. Kiser** |
|     **Respondent.** | ) | **Senior U.S. District Judge** |

Plaintiff Ronald Graham, # 096746, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Additionally, Clark raises claims in his complaint that this court will construe as a petition for writ of habeas corpus, brought under 28 U.S.C. §2254.

Plaintiff is currently incarcerated at Red Onion State Prison. Although plaintiff's complaint is disorganized, it appears he is seeking monetary damages against prison officials for the allegedly unconstitutional deprivation of good time and a restoration of all good time credits which were lost subsequent to his institutional conviction for assault. After reviewing plaintiff's complaint and petition, I find that all claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a).

**I.      42 U.S.C. § 1983 Claim**

In his complaint, Graham alleges that he was convicted of an institutional assault, which ultimately resulted in a loss of good time credits and a delay in his release date. To the extent Graham is attempting to recover damages for the allegedly false conviction and the resultant imposed punishment, it must fail.

1

Dockets.Justia.com

To recover damages for a harm caused by an action whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was 1) reversed on direct appeal, 2) expunged by executive order, 3) declared invalid by a state tribunal authorized to make such a determination, or 4) called into question by a federal court's issuance of a § 2254 writ. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If the prisoner cannot make this showing his claim is not cognizable. Id. Therefore, if the prisoner's claim would necessarily imply the invalidity of the prisoner's conviction or sentence, the claim should be dismissed unless the petitioner can show that the conviction or sentence has already been invalidated. Brooks v. Winston-Salem, 85 F.3d 178, 182-83 (4th Cir. 1996).

Because Graham is specifically seeking damages for loss of good time earned, his claim necessarily calls into question the validity of his current and or continued imprisonment. Therefore, as Graham has failed to show that the conviction which resulted in the loss of good time earned has been invalidated, his claims under 42 U.S.C. § 1983 must be dismissed.

## II.    28 U.S.C. §2254 Petition

Graham challenges the outcome of his institutional hearing for assault. Although unclear from the petition, it appears that in 2003 Graham was charged and convicted of assault. As a result of this conviction he lost sixty days of earned good time.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code §8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petitioner has presented no evidence that he has presented his claim in state court. Petitioner's failure to exhaust his state remedies mandates summary dismissal of his petition by this court.[1]

## III.    Conclusion

Based on the foregoing, I find that Graham has not presented any claims on which relief can be granted. Accordingly, I will dismiss both his complaint brought under 42 U.S.C. § 1983 and his petition for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice.

As to Graham's § 1983 claims, he is advised that he may appeal this decision pursuant to

---

[1]Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

Furthermore, Graham is advised that as to his § 2254 claim, he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 3rd day of May, 2005.

Senior United States District Judge

4